Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Adolph Engel, for appellant.
John H. Steenwerth, for respondent.

WOODWARD, J.  The plaintiff brought this action to recover the sum of $115 for the construction of a sewer for the defendant.  The pleadings were oral, and demanded the sum above mentioned for work, labor, and materials used in the construction of the sewer.  The plaintiff put in evidence a written contract, which provided:

"When all work has been completed, and a certificate from the building department or any department of the city of New York is delivered to the party of the first part, the party of the first part is to pay to the party of the second part the sum of $115 for all services rendered and materials furnished in and about said work."

The trial was once adjourned for the express purpose of permitting the plaintiff to produce the certificate required under the contract; but no such certificate was produced, nor was any excuse proved, except that the plaintiff testified that he called on the chief engineer of the sewer department, and that that official had informed him that his department did not issue certificates to show that the work had been properly done.  The contract, however, did not provide for the contingency that the sewer department—if there is such a department— did not issue these certificates.  The condition of payment was that the "building department" or some department of the city should certify that the work had been properly done; and, as the plaintiff relied upon the contract, he was bound to produce such a certificate, or to show that such certificate had been unreasonably or unjustifiably withheld. There was no attempt to do this, and the defendant's evidence shows that the work was not completed in some details, although the plaintiff testified, without objection, that the work was completed under the contract.  But the defendant's liability was contingent upon the certificate which he provided for in his contract, and he had a right to insist upon the performance of this condition.

It was error, therefore, to refuse to dismiss the complaint upon defendant's motion, and for that error the judgment should be reversed, with costs.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.  All concur.

---

PAQUET v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.  June 29, 1908.)

WITNESSES—CROSS-EXAMINATION—ADVERSE PARTY.
    In an action for injuries from the sudden starting of a car while plaintiff was alighting, plaintiff's testimony was corroborated by two other witnesses; the deposition of one having been taken under stipulation, because she was about to go to Panama under government service.  This witness did not go to Panama, and was in Pennsylvania during the trial. Defendant had no report of the alleged accident, and the conductor and motorman who were called testified that no such accident occurred.

Plaintiff did not call a physician for some days, and learned of the witnesses by advertising. The witness whose deposition was taken testified that she made a memorandum of the number of the car and the circumstances of the accident, that she asked the conductor and motorman to stop, that they did not do so for two blocks, that she called out the number of the car to plaintiff, but did not go to her assistance, though she was lying "in a heap" where she had fallen. Both the witness and plaintiff testified that they had never seen each other before the accident, but plaintiff subsequently qualified her statement by saying that to the best of her knowledge she had not known the witness and had not previously written to her, and she subsequently testified that she would not swear positively whether she had written the witness regarding an extension or renewal of a chattel mortgage on some of the witness' furniture. A witness for defendant testified that he knew the witness, had frequently heard her mention plaintiff prior to the accident, and had once seen a letter purporting to have been written by plaintiff to the witness in reference to a chattel mortgage. From cross-examination of the plaintiff it appeared that she had corresponded with the witness in Pennsylvania for some time before the trial. *Held*, that cross-examination of plaintiff in reference to the correspondence, its nature, and the subjects discussed, and the relation between the witness and plaintiff, was proper, in view of the circumstances, and error in sustaining an objection thereto was reversible.

Appeal from Trial Term, Kings County.

Action by Rosalie Paquet against the Nassau Electric Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

D. A. Marsh, for appellant.
Albert E. Richardson, for respondent.

MILLER, J. This is an action to recover for personal injuries resulting from negligence. The plaintiff's story is corroborated by two witnesses, and is to the effect that as she was attempting to alight from one of the defendant's cars, at the corner of Fifth avenue and Park Place, the conductor signaled the motorman to go ahead, and the car suddenly started, throwing the plaintiff violently to the ground, and proceeded on its way without stopping. One of the corroborating witnesses testified that she observed the accident from the street corner, where she was waiting to board the car from which the plaintiff was thrown, but did not do so; that she did not go to the plaintiff's assistance, although the latter lay in the street some little time before any one came to her assistance. The other witness, whose deposition, taken pursuant to stipulation, was read upon the trial, testified that she was a passenger on said car; that she saw the occurrence; that she and several other passengers jumped up; that she shouted to the conductor and motorman to stop, but that they paid no attention; that she called out the number of the car to the plaintiff, who, she says, was then lying "in a heap" where she had fallen on the ground; that there was considerable excitement among the passengers, but that the car did not stop until it had gone two blocks, and then it proceeded without any one going back to ascertain whether the plaintiff was injured, or to render her any assistance. When the deposition of said witness was

taken she said that she was about to go to Panama, where she expected to engage in the government service as a nurse. She did not go to Panama, however, and at the time of the trial was in Pennsylvania. The defendant had no report of the alleged accident, but the conductor and motorman of the car, whose number was given by the plaintiff, were called and testified that no such accident occurred.

The plaintiff did not call a physician until some days after the alleged accident. She learned of her two corroborating witnesses by inserting an advertisement in the paper. She testified that before the accident she had noted the number of the car because of a dispute with the conductor over change, and the witness who claims to have been a passenger testified that she made a memorandum of the number of the car and the circumstance of the accident, although she did not have sufficient concern about the plaintiff's immediate welfare to render her any assistance. The plaintiff and said witness both testified that they had never seen each other before the accident; but the plaintiff qualified her statement by saying that to the best of her knowledge she had never known the witness, and that to the best of her knowledge she had never written her before the accident. Later on she was recalled for further cross-examination, and, after testifying that she had not written said witness in reference to arranging for the extension or renewal of a chattel mortgage on some furniture belonging to the witness, finally said that she would not swear positively on the subject; that she did not remember. A witness was called by the defendant, who testified that he knew said witness and had frequently heard her mention the plaintiff before the date of the accident, and that upon one occasion he saw a letter purporting to have been written by the plaintiff to her in reference to a chattel mortgage. While the testimony of the witness last aforesaid, standing alone, would be of little consequence, and while the question of the prior acquaintance of the plaintiff and her said witness was a collateral matter, it was important in view of the suspicious circumstances hereinbefore related.

During the cross-examination of the plaintiff the importance of showing the relations between the plaintiff and her said witness was developed, and it appeared that said witness had not gone to Panama, although that was the excuse for taking her deposition as aforesaid, but that she was then living in Pennsylvania, and had been corresponding with the plaintiff for some time before the trial. The defendant's counsel then undertook to examine the plaintiff in reference to said correspondence, to show its nature, the subjects discussed, and the relation existing between the plaintiff and said witness; but the objection of the plaintiff's counsel to that line of examination was sustained. In view of the suspicious circumstances which had already been developed, the court should have permitted the widest latitude on cross-examination respecting matters which might have any relevancy. We do not need now to say whether upon the facts we should suffer this verdict to stand. The case is at least so doubtful that any erroneous ruling may have been prejudicial. Said correspondence was a proper subject for cross-examination. The plaintiff had been forced to qualify her denial of a previous acquaintance with said witness; and a skillful

examination in reference to said correspondence might have elicited statements that would have changed the result of the trial.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.